UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The United States of America,<br><br>                Plaintiff,<br><br>    v.<br><br>Tommy Walker,<br><br>                Defendant. | No. 2:20-cr-00039-KJM-1<br><br>ORDER |

In November 2019, Mr. Walker was arrested for possession of a firearm by a felon. *See* Indictment, ECF No. 7. The United States disclosed to Mr. Walker that leading to his arrest a confidential informant told law enforcement the informant "observed Mr. Walker holding a[ ] tiny pistol while driving past [him] in a vehicle and hearing alleged threats [by Mr. Walker]." Mot. at 1, ECF No. 42. Mr. Walker moves for disclosure of the confidential informant's identity. *Id.*[1] The government opposes and Mr. Walker has replied. Opp'n, ECF No. 59; Reply, ECF No. 61. The court held a non-evidentiary hearing on the motion on May 10, 2021, with Assistant Federal Defender Douglas Beevers appearing for defendant, and Assistant United States Attorney Aaron Pennekamp appearing on behalf of the government. Hr'g Mins., ECF No. 64. The court granted Mr. Walker's request for an *in camera* hearing to question the informant, but denied

---

[1] Mr. Walker also moves to dismiss the indictment for violation of speedy trial, ECF No. 41, which motion the court will resolve by separate order.

1

defense counsel's request to be present at the hearing. At the *in camera* hearing held on June 2, 2021, ECF No. 69, the court asked all of the questions defense counsel had proposed in addition to the court's own followup questions. *See* ECF No. 66. The court also allowed government counsel to briefly question the informant. In light of the informant's testimony, having carefully considered the arguments presented by parties in their briefing and at argument, the court **denies** the defendant's motion.

The Supreme Court has long recognized the "Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law" to law enforcement. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id*. at 60–61 (reversing denial of disclosure where informant was only person with material information regarding alleged crimes). "The decision whether to reveal the identity of an informant requires a careful balancing of the defendant's interest in preparing his defense and the government's interest in protecting the safety of an informant." *United States v. Hernandez-Berceda*, 572 F.2d 680, 683 (9th Cir. 1978). Whether the testimony would be "relevant and helpful" to the defendant's case should be considered "in terms of the relationship between the asserted defenses and the likely testimony of the informant." *United States v. Sai Keung Wong*, 886 F.2d 252, 255 (9th Cir. 1989). Courts also balance "the degree of involvement by the informant in the charged crime." *Id.* The defendant bears the burden of showing a need for disclosure and must show more than a "mere suspicion" that the information will be helpful. *Id*. at 256.

Here, defendant moves to disclose the identity of the confidential informant, arguing he believes the informant participated in framing him; he suggests the firearm was planted by defendant's girlfriend's children who wanted defendant out of the house or by someone connected to the children. Mot. at 1. The defense also suggests the informant's report to law enforcement is "inherently incredible." *Id.* at 2.

/////

Having heard the testimony of the informant, and carefully considered the defense theories, the court finds defendant has not carried his burden that disclosure at this time would be "relevant and helpful" as required for the court to grant the motion. *See Wong*, 886 F.2d at 256; *United States v. Hood*, No. 17-40, 2020 WL 7714207, at *3 (E.D. Cal. Dec. 29, 2020) (denying disclosure where "[d]efendant has not shown more than a mere suspicion that disclosure of the informant would be helpful to his case").

Accordingly, the court **denies** the motion.

This order resolves ECF No. 42.

IT IS SO ORDERED.

DATED: June 16, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE