UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The United States of America,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Tommy Walker,<br><br>　　　　　Defendant. | No. 2:20-cr-00039-KJM-1<br><br>ORDER |

Custodial defendant Tommy Walker moves to dismiss the indictment against him for violation of the Speedy Trial Act, 18 U.S.C. § 3161, and his Sixth Amendment due process rights. The government opposes. For the reasons below, the court **denies** the motion.

**I.　BACKGROUND**

In November 2019, Mr. Walker was arrested for possession of a firearm by a felon; he was charged in state court and held in state custody for 70 days. Mot. at 1, ECF No. 41. On February 20, 2020, he was indicted on a federal charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) with a criminal forfeiture allegation based on § 924(d)(1) and 28 U.S.C. § 2461(c). Indictment, ECF No. 7. Mr. Walker was arraigned in federal court four days later. Mins. for Arraignment, ECF 10. At that time the government moved to exclude time until April 20, 2020 and the defense did not object. *Id*. By that time, out of concerns relating to the emerging COVID-19 pandemic, the Eastern District of California suspended all jury

1

proceedings as of March 17, 2020.  *See* E.D. Cal. General Order 611 (Mar. 17, 2020).  The restriction remained in place "until further notice," E.D. Cal. General Order 618 (May 13, 2020), until the courthouse reopened to the public on June 14, 2021, E.D. General Order 631 (May 26, 2021).

The court reset the jury trial in this case several more times after the April 2020 arraignment, excluding time under the Speedy Trial Act, as the pandemic persisted.  First, the parties stipulated to exclude time until June 15, 2020, ECF No. 12, and the court at that point set trial for August 10, 2020, ECF No. 14.  Then, the government moved for a further exclusion of time.  ECF No. 15.  Although Mr. Walker objected, ECF No. 17, the court granted the motion and reset the trial date.  ECF No. 19.  From August 24, 2020, to January 25, 2021, the court reset the trial date and excluded time over Mr. Walker's objection five more times.  ECF Nos. 22, 25, 27, 31, 38.  Mr. Walker remains in custody at Sacramento County jail pending trial.  Mot. at 2.

Mr. Walker now moves to dismiss the indictment for violation of his rights under the Speedy Trial Act.  ECF No. 41.  The government opposes, ECF No. 60, and Mr. Walker has replied, ECF No. 62.  The court held a hearing on the motion on May 10, 2021.  Hr'g Mins., ECF No. 64.  Assistant United States Attorney Aaron Pennekamp appeared on behalf of the government, and Assistant Federal Defender Douglas Beevers appeared for defendant.

**II. LEGAL STANDARD**

The Speedy Trial Act mandates a criminal matter proceed to trial within seventy days of the defendant's being charged or making his initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1).  "[T]he Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases"; thus, there are several mechanisms for excluding time from the seventy-day period.  *Zedner v. United States*, 547 U.S. 489, 497 (2006); *see generally* 18 U.S.C. § 3161(h).  The Act allows for discretionary exclusions under section 3161(h)(7), when the court articulates its reasons for finding a continuance is justified on the record.  *See* 18 U.S.C. § 3161(h)(7).  Section 3161(h)(7) "permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors,

makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial." *Zedner*, 547 U.S. at 498–499. The Act provides factors for the court to consider in determining whether the ends of justice are served by a continuance, including "[w]hether the failure to grant such a continuance . . . would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice" as well as the complexity of the case, the time needed for preparation of counsel and the presence of novel questions of fact or law. *See* 18 U.S.C. § 3161(h)(7)(B) (i)–(iv).

The defendant carries the burden of proving a speedy trial violation. *See* 18 U.S.C. § 3162(a)(2); *see also United States v. Medina*, 524 F.3d 974, 980 (9th Cir.2008) (paraphrasing 18 U.S.C. § 3162(a)(2)). "If the defendant carries this burden, the indictment 'shall be dismissed,' and the district court must then consider whether to dismiss the case with or without prejudice." *Medina,* 524 F.3d at 980–81.

## III. ANALYSIS

### A. Speedy Trial

The Ninth Circuit has addressed the issue of the speedy trial act in the context of the COVID-19 pandemic on three occasions. *See United States v. Olsen*, 995 F.3d 683 (9th Cir. 2021); *In re Smith*, No. 20-73723, 2021 WL 1595443, at *1 (9th Cir. Apr. 23, 2021); *United States v. Torres*, 995 F.3d 695 (9th Cir. 2021). In particular, the Circuit has found the COVID-19 pandemic "falls within such unique circumstances to permit a court to temporarily suspend jury trials in the interest of public health" under the broad "ends of justice" exclusion of the Speedy Trial Act. *Olsen*, 995 F.3d at 693 (remanding with directions for the district court to grant an "ends of Justice continuance under § 3161(h)(7)"). Courts must still balance the relevant section 3161(h)(7)(A) factors. *In re Smith*, 2021 WL 1595443, at *2. And the Ninth Circuit has identified seven non-statutory factors for courts to consider including:

> (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect

recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.

*Olsen*, 995 F.3d at 692.

The non-statutory factors weigh against finding a Speedy Trial Act violation here. *See* 18 U.S.C. § 3161(h)(7)(A). The first two factors weigh in Mr. Walker's favor as he is in ongoing detention pending trial, and has been for over a year now. The remaining factors do not weigh in his favor. Mr. Walker did not invoke his speedy trial rights since the inception of his case; rather he stipulated to exclude time up until June 15, 2020. Mot. at 1. Mr. Walker does not claim to be part of a population that is particularly at risk for complications related to COVID-19. Furthermore, he faces serious even if non-violent charges. There is reason to suspect Mr. Walker might reoffend if the charges are dropped given his criminal history and recidivism with respect to felon in possession charges. *See* Compl. ¶ 11, ECF No. 1 (describing convictions for second degree robbery, hit and run, theft of vehicle, and two prior felon in possession of firearm violations). Lastly, the court found it did not have the ability to safely conduct a trial at the time it granted continuances and excluded time. In this case "the ends of continuance outweigh the best interest of the public and the defendant in convening a speedy trial." *See Olsen*, 995 F.3d at 693.

The court finds there was no Speedy Trial Act violation and denies Mr. Walker's motion on this ground.

**B.     Sixth Amendment**

In *United States v. Torres* the Ninth Circuit noted that "at some point, pretrial detention can become excessively prolonged, and therefore punitive, resulting in a due process violation." 995 F.3d at 708 (quoting *United States v. Salerno*, 481 U.S. 739, 747 n.4 (1987)) (internal marks omitted). "The point at which detention constitutes a due process violation requires a case-by-case analysis." *Id.* (citing *United States v. Gelfuso*, 838 F.2d 358, 359–60 (9th Cir. 1988)). "[I]in evaluating whether a due process violation has occurred, [the court must] weigh the following factors: (1) the length of the defendant's pretrial detention; (2) the prosecution's contribution to the delay; and (3) the evidence supporting detention under the Bail Reform Act." *Id.* The Bail

Reform Act requires the court consider (1)"the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release" 18 U.S.C. § 3142(g).

On balance, the relevant factors weigh against finding Mr. Walker's due process rights were violated. Mr. Walker's length of detention in this federal case, presently approximating sixteen months, is concerning and presumptively prejudicial. *See id.* (citing *United States v. Myers*, 930 F.3d 1113, 1119 (9th Cir. 2019) (explaining that "delays approaching one year are presumptively prejudicial" for Sixth Amendment purposes) (citation omitted)). But, the prosecution did nothing to delay this case, as all of the trial date continuances were based on the ongoing pandemic. Additionally, Mr. Walker is charged with serious even if non-violent crimes, he has a criminal history, *see* Indictment at 1–2, and he presents no evidence from which the court can conclude he does not pose a danger to any other person or the community. The evidence supports Mr. Walker's detention under the Bail Reform Act to prevent danger to the community and assure he will appear in court.

Accordingly, the court denies Mr. Walker's motion to the extent it is based on Sixth Amendment grounds.

**IV. CONCLUSION**

The court **denies** the defendant's motion to dismiss.

This order resolves ECF No. 41.

IT IS SO ORDERED.

DATED: July 6, 2021.

CHIEF UNITED STATES DISTRICT JUDGE